**Louise C. E. RATCLIFFE, on behalf of herself and all others similarly situated**

v.

**INSURANCE COMPANY OF NORTH AMERICA**

and

**INA Corporation, including its insurance and insurance related subsidiaries.**

**Civ. A. No. 78–272.**

United States District Court,
E. D. Pennsylvania.

Jan. 14, 1980.

760

Wilbur Greenberg, Gary Green, Philadel-
phia, Pa., for plaintiff.

Arthur R. Littleton, Francis M. Milone, J. Lindsay Johnston, Philadelphia, Pa., for defendant.

## OPINION

DITTER, District Judge.

Plaintiff, Louise Ratcliffe, brings this action on behalf of herself and others similarly situated, against her former employers, the Insurance Company of North America (INA) and INA Corporation, including its insurance and insurance related subsidiaries, alleging unlawful discrimination against women in hiring, promotion, and employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In another count of the complaint, plaintiff, individually, alleges violations by the same defendants of the Equal Pay Act, 29 U.S.C. § 206(d). Plaintiff seeks declaratory and injunctive relief, back pay, and other affirmative relief. The jurisdiction of this court is invoked under, *inter alia,* 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. § 216(b), and 42 U.S.C. § 2000e–5(f).

The matter is presently before me for consideration of a motion of INA and the insurance and insurance related subsidiaries of INA Corporation to dismiss the amended complaint. After this motion to dismiss was filed, I granted plaintiff 60 days in which to take discovery as to certain factual matters raised by the motion. Since I have reviewed affidavits, answers to interrogatories as well as the extensive briefs of counsel, it is appropriate to treat defendants' motion to dismiss as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). After

consideration of the exhibits before me, I conclude that INA's motion must be denied.[1]

Plaintiff, Louise Ratcliffe, alleges that she was employed by defendants INA and INA Corporation from June, 1970, until her resignation in April, 1977.[2] In November of 1976, plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) against INA and INA Corporation alleging that she had been denied, *inter alia,* promotions and transfers on account of her sex. Plaintiff received a right to sue letter from the EEOC on November 7, 1977. On January 25, 1978, plaintiff filed her sex discrimination complaint and named the Insurance Company of North America Corporation, a nonexistent entity, as defendant. On February 28, 1978, defendant filed an amendment complaint naming as defendants INA and INA Corporation, including its insurance and insurance related subsidiaries.

INA's motion to dismiss the amended complaint, which will be treated as one for summary judgment under Rule 56, is based on a number of grounds. The first is that the court lacks jurisdiction over the subject matter of the action. Specifically, INA argues that since plaintiff failed to institute suit against it until February 28, 1978, the action is untimely, because it was not commenced within 90 days of her receipt of a right to sue letter from the EEOC, a requirement of 42 U.S.C. § 2000e–5(f)(1).[3] In response, plaintiff claims that the action is timely because under the provisions of Fed.R.Civ.P. 15(c), the amended complaint should "relate back" to January

---

1. Plaintiff does not oppose the motion insofar as it relates to the "insurance and insurance related subsidiaries" of INA Corporation. In fact, plaintiff agrees that all references to these subsidiaries should be stricken from the amended complaint. Plaintiff's Response To Defendant's Motion to Dismiss The Complaint, at 6. Accordingly, I will dismiss the amended complaint with respect to the insurance and insurance related subsidiaries of INA Corporation.

2. Plaintiff entered into the employ of INA in June, 1970, in its personnel department. On May 14, 1973, plaintiff was transferred to INA

Corporation, which became her formal employer of record.

3. 42 U.S.C. § 2000e–5(f)(1) provides that "within ninety days after the giving of such notice [of right to sue] a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved." Compliance with the 90 day right to sue period is a jurisdictional prerequisite and failure to comply with this time limitation will result in dismissal of the action. *Archie v. Chicago Truck Drivers, Inc.,* 585 F.2d 210, 215 (7th Cir. 1978).

25, 1978, the date of the filing of the original complaint.[4] For the following reasons, I am persuaded that plaintiff's position should be sustained.

The first sentence of Fed.R.Civ.P. 15(c) provides that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." There is no doubt that plaintiff has satisfied this portion of Rule 15(c). Here, the amended complaint made no change in the substance of the claim asserted in the original complaint; the same acts of discrimination were alleged in both. Since the only change effected was in the caption of the complaint and the pluralization of the word "defendant," I find that the amended pleading arose out of the "conduct, transaction, or occurrence" set forth in the original pleading. *See* 3 Moore's Federal Practice ¶ 15.15[3], at 15–194 (2d ed. 1979).

In addition, for her amended complaint to "relate back," plaintiff must also satisfy the second requirement of Rule 15(c),[5] *i.e.,* "within the period provided by law for commencing the action against him" a defendant must have

> (1) . . . received such notice of the institution of the action that he will not be prejudiced in maintaining his defense

on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

In my view, plaintiff has shown that the requirements of this part of the rule have been met.

INA admits that it received notice of the institution of the action on February 13, 1978. In addition, INA was served with a copy of the amended complaint on March 5, 1978. Both dates however, are beyond the 90 day limitation period established under Title VII. Thus, while not denying that it received notice of the institution of the action, INA asserts that the notice of February 13, 1978, came too late to permit relation back under Rule 15(c). In making this argument, INA is relying on the fact that while statutes of limitations are usually geared to the filing of the complaint, Rule 15(c) is geared to notice. Thus, INA argues, the party to be substituted must have received notice "within the period provided by law for commencing the action against [it]." *See Simmons v. Fenton,* 480 F.2d 133, 136–37 (7th Cir. 1973). I am not persuaded.

■ It is well settled that "the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural

---

**4.** Fed.R.Civ.P. 15(c) provides in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

**5.** Plaintiff has made the argument that its designation of the "Insurance Company of North America Corporation" as defendant in her original complaint was a mere "misnomer" and, therefore, it is not required to satisfy this portion of Rule 15(c). Although I agree that plaintiff's amended complaint corrected a misnomer, the weight of authority is that in a misnomer case, a plaintiff must still satisfy the requirements of the second sentence of Rule 15(c). *See Ingram v. Kumar,* 585 F.2d 566, 570 (2d Cir. 1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), and cases cited therein; Advisory Committee Notes to the 1966 Amendments to Rule 15(c): "Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (*including an amendment to correct a misnomer or misdescription of a defendant*) shall 'relate back' to the date of the original pleading." (Emphasis added).

problems. To this end, amendments pursuant to Rule 15(c) should be freely allowed." *Staren v. American National Bank & Trust Co. of Chicago,* 529 F.2d 1257, 1263 (7th Cir. 1976). And, in *In re Home-Stake Production Co. Securities Litigation,* 76 F.R.D. 337, 346 (N.D.Okl.1975), the court stated that "Rule 15(c) should be liberally applied, especially if no disadvantage will accrue to the opposing parties." Similarly, in *Travelers Indemnity Co. v. United States,* 382 F.2d 103, 106 (10th Cir. 1967), the court in discussing Rule 15, stated that the "ends of justice are not served when forfeiture of just claims because of technical rules is allowed."

■ Against this background, I must examine the facts of the instant case. Admittedly, INA was not served within 90 days of plaintiff's receipt of her right to sue letter from the EEOC. But, had INA been properly named in the caption of the complaint, it could not possibly argue that the action was untimely for it is "well-settled that the statute of limitations is not a defense for a party served after the limitations period has expired so long as the action was 'commenced' within the relevant period."[6] *Mitchell v. Hendricks,* 68 F.R.D. 564, 568 (E.D.Pa.1975) (citing 2 Moore's Federal Practice ¶ 3.07[4–3–2] (2d ed. 1979)). Thus, if plaintiff's action would have been timely had her complaint correctly named INA, even though INA received notice after the 90 day period had expired, there is no logical reason why plaintiff's amended complaint should be considered untimely. As the district court stated in *Mitchell v. Hendricks,* supra, 68 F.R.D. at 568: "Such a ruling treats the defendant [named in the amended complaint] no differently than the defendant who knows nothing of a lawsuit, 'commenced' under applicable procedural rules, until after the limitations period has run, and to whom, nonetheless, the [statute of limitations] defense is of no avail." *See also Ingram v. Kumar,* 585 F.2d 566, 571 (2d Cir. 1978), *cert. denied,* 440 U.S. 940, 99

S.Ct. 1289, 59 L.Ed.2d 499 (1979); 2 Moore's Federal Practice ¶ 4.44, at 4–558–4–559 (2d ed. 1979).

■ Professors Wright and Miller have characterized INA's argument here as "an overly literal reading of the rule," stating further that "it is difficult to understand how the new defendant will be prejudiced" because "[c]ommon sense, prudence, and efficiency suggest to the reasonable man that he should pursue his initial investigation and prepare his defense . . . in such a manner as to collect and preserve evidence regarding all of the foreseeable actions arising from the event." 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1498, at 509–10 (1971). Certainly, INA has done so here. INA was named and charged by plaintiff in the proceedings before the EEOC, and therefore knew of the prior EEOC investigation. Plaintiff and plaintiff's counsel met with attorneys and representatives of both INA and INA Corporation and advised them of plaintiff's intention to institute suit against both defendants. Therefore, permitting the amendment will not prejudice INA in maintaining its defenses on the merits because there is "nothing to suggest that [it] has been hindered in its ability to obtain relevant evidence needed to mount its defense." *Taliferro v. Costello,* 467 F.Supp. 33, 35 (E.D.Pa.1979).

■ The final requirement of Rule 15(c) is that INA "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]." This "aspect of Rule 15(c) seems designed to insure that, prior to the expiration of the limitation period, the new defendant knew (or should have known) that his joinder was a distinct possibility." *Taliferro v. Costello,* supra, 467 F.Supp. at 36. Professors Wright and Miller, in describing this portion of Rule 15(c), state that "the courts probably will apply something akin to a reasonable man test to determine whether

---

6. An action is "commenced" in federal court "by filing a complaint with the court." Fed.R. Civ.P. 3.

the party 'should have known' he was the one intended to be sued." 6 C. Wright & A. Miller, supra, at 515. Applying these criteria to the instant case, I find that plaintiff has satisfied this portion of the test.

Surely, INA knew that its joinder was more than a "distinct possibility." Plaintiff was employed by INA for many years and subsequently named INA in her charge before the EEOC. INA was then investigated by the EEOC in regards to plaintiff's claim. Moreover, plaintiff and her counsel attempted to negotiate a settlement with INA attorneys and representatives. Under these circumstances, it was more than reasonable to conclude that INA not only should have known, but in fact knew that, had plaintiff not erred in drafting the complaint, the action would have been commenced against it originally.

Accordingly, I find that plaintiff has met the requirements of Rule 15(c). Plaintiff's amended complaint should "relate back" to the date of the original complaint, and is, therefore, not barred by the applicable 90 day period for filing suit.

■ As a second ground for dismissal of the action, INA argues that the court lacks subject matter jurisdiction because plaintiff failed to file a charge of employment discrimination against it with the EEOC within 300 days of the occurrence of the alleged discriminatory acts as required by 42 U.S.C. § 2000e–5(e).[7] INA bases this argument on the fact that, although plaintiff was employed by both INA and INA Corporation from 1970 to 1977, she worked for INA only from 1970 to 1974. Therefore, any alleged discriminatory practices committed by INA are not actionable because they did not occur within 300 days prior to the filing of plaintiff's charge of discrimination with the EEOC. Plaintiff counters that her EEOC charge was timely because, for the purposes of this Title VII action, she should be deemed to have been employed simultaneously by *both* INA and INA Corporation. Again, plaintiff's claim must be sustained for the reasons which follow.

■ Where separate corporate entities are so interrelated and integrated in their activities, labor relations, and management, it is clear that for Title VII jurisdictional purposes they may be treated as a single employer. *EEOC v. Upjohn Corp.,* 445 F.Supp. 635, 639 (N.D.Ga.1977); *Williams v. New Orleans Steamship Association,* 341 F.Supp. 613, 615 (E.D.La.1972). Here, I conclude that INA and INA Corporation are to be treated as a single employer in this action.[8]

INA Corporation is a holding company which, directly or indirectly owns and controls all of the stock of a number of subsidiary companies, the largest of which is INA. While INA Corporation itself does not engage directly in any business other than the ownership of the subsidiary companies, it does provide them with certain "staff" functions, *e.g.,* personnel services, legal services, and financial services. Both INA and INA Corporation maintain offices and do business in the Commonwealth of Pennsylvania. The "home office" of these defendants is located in Philadelphia and the employees of INA and INA Corporation share common office buildings and are generally intermixed. In fact, INA and INA Corporation officers sometimes refer to both companies as though they were a single business entity, "INA."

7. 42 U.S.C. § 2000e–5(e) provides that a timely charge of discrimination must be made within 180 days after the alleged unlawful employment discrimination occurred. The statute further provides that in the event a plaintiff proceeds first before a state or local agency (which plaintiff did here by filing a charge of discrimination with the Pennsylvania Human Relations Commission), the charge, to be timely, must be filed within 300 days from the alleged act of discrimination. As with the 90 day period in which to commence suit, this provision is a jurisdictional prerequisite to the maintenance of an action in the district court. *See Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *Bates v. Western Elec.,* 420 F.Supp. 521, 527 (E.D.Pa. 1976).

8. I reach this conclusion concerning the relationship between INA and INA Corporation in the "home office" in Philadelphia only; I make no findings as to the propriety of such a conclusion as applied to any other office of either corporation.

INA maintains a single payroll account from which both its employees and the employees of INA Corporation, employed in the companys' home office in Philadelphia, are paid. In addition, INA and INA Corporation file a single consolidated annual federal income tax return.

Several of the most important controlling persons of INA Corporation are also controlling persons of INA. Moreover, the employment practices of both corporations are managed by a single personnel department. Therefore, employees, including plaintiff, have at times been transferred from the employ of INA to the employ of INA Corporation, and vice versa, without change in either job responsibilities or working conditions. Further, interdepartmental and intercompany transfer and promotion is common and is treated as the transfer and promotion of "internal" personnel. Personnel so promoted or transferred retain all salary and seniority rights and other benefits which they accrued during their former employment.

As further evidence that INA and INA Corporation should be relegated to single employer status for the purposes of this action, there is the fact that a common in-house counsel exists which is responsible for investigating and helping to resolve and defend all employment discrimination cases brought against either or both defendants. Moreover, the employees in the common personnel department who are responsible for assisting counsel in Title VII cases are the same ones regardless of whether the action has been brought against INA, INA Corporation, or both.

Since INA and INA Corporation, insofar as their employment practices are concerned, must be deemed the joint employers of plaintiff, her amended complaint cannot be dismissed as barred by the 300 day limitations period imposed by 42 U.S.C. § 2000e–5(e).

INA also moves to dismiss plaintiff's complaint for failure to state a claim against the defendants upon which relief can be granted under the Equal Pay Act, 29 U.S.C. § 206(d). More specifically, INA ar-gues that plaintiff's claim under this act is barred by the applicable statute of limitations, 29 U.S.C. § 255, which provides that an action must be commenced within two years after the cause of action accrues, or within three years in the case of a willful violation. Since, within the limitations period plaintiff was employed by INA Corporation and not by INA, INA asserts that any claims plaintiff might have against it under the Equal Pay Act are barred by the statute of limitations.

The short answer to INA's motion under the Equal Pay Act is that it must be denied because of my previous determination that, for the purposes of this action, INA and INA Corporation will be deemed a single employer. Therefore, plaintiff's complaint, as amended, alleges timely violations of the Equal Pay Act and is not barred by 29 U.S.C. § 255.

Finally, INA urges dismissal of the amended complaint because the allegations of the complaint are so vague and nonspecific as to violate the requirements of Fed. R.Civ.P. 8(a), which states that a pleading shall contain a short and plain statement of the claim showing that the pleader is entitled to relief. Moreover, it argues that plaintiff failed to satisfy the well-established rule in this circuit that complaints in civil rights cases be pleaded with factual specificity. *See, e. g., Rotolo v. Borough of Charleroi,* 532 F.2d 920, 922 (3d Cir. 1976).

The present complaint as amended satisfies this pleading standard, but barely. It is true that many parts of the plaintiff's complaint are clearly cast in conclusory language, but other sections allege sexually discriminatory acts and practices which are sufficiently specific to meet the requirements of Rule 8(a) and the Third Circuit rule of factual specificity in civil rights cases. *See also Otto v. Sterling Electronics Corp.,* 5 F.E.P. Cases 1176, 1177–78 (S.D. Tex.1973). Discovery can best provide the details defendant will need to respond.