William J. GABRIEL, Sr., individually and as Administrator of the Estate of Carole Ann Gabriel, and Dorothea P. Gabriel, Plaintiffs,

v.

KENT GENERAL HOSPITAL INCORPORATED, a corporation of the State of Delaware, Thomas Maxwell, M.D., William C. Kahler, William B. Tetreault, Diamond State Truck Brokers, Inc., a corporation of the State of Delaware, The City of Dover, a municipal corporation of the State of Delaware, Nationwide Mutual Insurance Company, a corporation of the State of Ohio, and Diamond State Trucking Co., Inc., a corporation of the State of Delaware, Defendants.

Civ. A. No. 81–234.

United States District Court,
D. Delaware.

Sept. 13, 1982.

H. James Conaway, Jr., Richard H. Morse, Young, Conaway, Stargatt & Taylor, Wilmington, Del., for plaintiffs.

Mason E. Turner, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for defendant Kent General.

Mary Pat Trostle, Biggs & Battaglia, Wilmington, Del., for defendant Maxwell.

William Kahler, pro se.

Gerald E. Dixon, Gartland & Dixon, Wilmington, Del., for defendant Diamond State Truck Brokers.

Stephen P. Casarino, Tybout, Redfearn, Casarino & Pell, Wilmington, Del., for defendant City of Dover.

Morton Richard Kimmel, Kimmel & Spiller, Wilmington, Del., for defendant Nationwide.

Warren B. Burt, Wilmington, Del., for defendant Diamond State Trucking.

William B. Tetreault, pro se.

## OPINION

STAPLETON, District Judge:

This is an action for personal injuries and wrongful death arising out of an automobile accident. Named as defendants are several individuals and corporations, including Diamond State Truck Brokers, Inc. ("Brokers") and Diamond State Trucking Co., Inc. ("Trucking"). Jurisdiction is based on diversity of citizenship.

The automobile accident occurred on June 9, 1979. The original complaint was filed on June 3, 1981. Brokers was named as a party to the original complaint. Trucking was not named as a defendant until September 4, 1981 when an amended complaint was filed.

Trucking has filed a motion to dismiss for failure to state a claim upon which relief may be granted on the ground that plaintiffs' claim against it was barred by the two year statute of limitations, 10 Del. C. § 8119.[1] Plaintiffs contend that the statute of limitations defense is without merit because the claim against Trucking asserted in the amended complaint relates back to the filing of the original complaint pursuant to Fed.R.Civ.P. 15(c). Because there are disputed issues of fact which are necessary to a determination of this question, Trucking's motion is denied.

FACTS

The accident which is the subject matter of this action is alleged to have occurred on June 9, 1979, when plaintiffs' automobile, while stopped at a traffic light, was struck in the rear by a truck driven by defendant William Tetreault, an employee of defendant William Kahler.

Count VII of the original complaint is a claim against Brokers. That count charges that Brokers was negligent in that it rented a vehicle to defendant Kahler and permitted Kahler to operate the vehicle upon the highways through his agent Tetreault and, in that it did not carry, or cause Kahler or Tetreault to carry, public liability insurance. It also charges Brokers with causing Kahler's motor vehicle to be driven on the public highway when it knew, or should have known, that the vehicle was uninsured and with negligent entrustment of its vehicle to Kahler and Tetreault by its failure to ascertain whether they had personal injury liability insurance.

In the amended complaint, filed on September 4, 1981, the same allegations made in Count VII against Brokers are made in Count IX against Trucking.

The original complaint was filed on June 3, 1981, six days before the statute of limitations expired on June 9, 1981. On June 2, 1981, plaintiffs' counsel mailed a letter to the President of Brokers, enclosing a copy of the complaint. Service of process of the complaint by the Marshal's office was effected on June 11, 1981.

Defendant Brokers, incorporated in 1972, is a licensed truck broker. It is in the business of arranging transportation service between shippers and independent truckers. When a shipper needs freight moved, Brokers arranges for an independent trucker to haul the freight in return for a commission.

Defendant Trucking, incorporated in 1977, is a rental company. It is in the business of renting trailers for use in hauling freight. About seventy percent of its rentals are to truckers who are moving

---

1. Because matters outside the pleadings have been presented to this Court and not excluded, the motion is treated as one for summary judgment. Fed.R.Civ.P. 12(c).

freight by arrangement of Brokers. Trucking has no employees and any work needed to be done for Trucking is done by employees of Brokers. Trucking and Brokers share the same office, mailing address and telephone number and have the same registered agent.

The ownership of the two corporations is not entirely clear. They are either both owned by the same two individuals as fifty percent shareholders or Trucking is a wholly owned subsidiary of Brokers.

## DISCUSSION

■ Plaintiffs argue that the amended complaint adding defendant Trucking relates back to the time of filing of the original complaint and is, therefore, timely. In an action based on diversity, whether an amendment adding a party relates back to the filing of the original complaint is a question of federal law. *Britt v. Arvanitis,* 590 F.2d 57 (3d Cir. 1978); *Loudenslager v. Teeple,* 466 F.2d 249 (3d Cir. 1972); *Garr v. Clayville,* 71 F.R.D. 553 (D.Del.1976). The applicable federal law is Federal Rule of Civil Procedure 15(c). Rule 15(c) provides that an amended complaint changing the party against whom a claim is asserted relates back to the date of the original pleading if three requirements are met: (1) the action asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, and within the period provided by law for commencing the action against it, (2) the party to be brought in by amendment has received such notice of the institution of the action that it will not be prejudiced in maintaining its defense on the merits, and (3) the party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. I now examine whether these requirements have been met in the present case.

The first requirement has clearly been satisfied. The count in the amended complaint adding Trucking as a defendant is merely a repetition of Count VII in the original complaint but with Trucking named as defendant instead of Brokers.

■ As to the second requirement, plaintiffs must show that Trucking received notice of the action "within the period provided by law for commencing the action against [it]" and that the notice was such that Trucking will not be prejudiced in maintaining its defense. Plaintiffs contend that there are two ways in which Trucking received notice of the institution of the action which satisfy the second requirement. The first is by way of the letter containing a copy of the complaint mailed to Brokers on June 2, 1981. The second is by service of process of the complaint on Broker's registered agent on June 11, 1981.

Plaintiffs contend that Trucking received notice of the institution of the action by way of the letter containing a copy of the complaint mailed to Brokers on June 2, 1981. Although there is undisputed evidence that a copy of the complaint was mailed to Brokers on that date, that it was received in the office of Brokers and Trucking, and that the President of Trucking, Dickerson, probably was the person who opened the letter, there is no evidence as to whether the letter was actually received in Broker's office by June 9, 1981, the date of the expiration of the statute of limitations. If it is ultimately determined that the letter was received by June 9, 1981 and that Dickerson did open the letter, then Trucking will be considered to have received notice within the requisite time period and to have satisfied the second requirement.[2] As President of Trucking, Dickerson is its general agent and notice to him constitutes notice to Trucking. *Kirk v. Cronvich,* 629 F.2d 404, 407 (5th Cir. 1980). Thus, before it can be determined whether the plaintiffs' letter of June 2nd satisfies the second require-

---

2. No prejudice to Trucking in maintaining its defense appears possible here given its close relationship to Brokers and the fact that Bro-

kers has had notice to preserve relevant evidence.

ment, the factual questions about its receipt must be resolved.[3]

Because it may be determined that the letter and the enclosed copy of the complaint were received by June 9, 1981, it is premature to consider whether receipt of the complaint on June 11, 1981 by service of process, even though after the date of expiration of the statute of limitations, nevertheless satisfies the requirement that notice be received within the time period provided by law for commencing the action. Neither the Supreme Court nor the Third Circuit has apparently addressed this issue, and other circuits are divided on it. The Second and Fifth circuits have held that the time period in the Rule includes the time allowed for service of process, *Ingram v. Kumar,* 585 F.2d 566 (2d Cir. 1978), *cert. denied* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Kirk v. Cronvich,* 629 F.2d 404 (5th Cir. 1980), while the Ninth Circuit has construed the Rule literally to require notice by the expiration date of the statute of limitations. *Craig v. United States,* 413 F.2d 854 (9th Cir.), *cert. denied* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969).

■■ To satisfy the third requirement, plaintiffs must show that there was a "mistake concerning the identity of the proper party" and that Trucking knew or should have known that, but for that mistake, the action would have been brought against it. As Trucking correctly points out, plaintiffs have not acknowledged that they have made a mistake in their identification of a defendant. Rather, at this juncture, it is apparent only that they may have made a mistake. By submitting the amended complaint containing Count IX, plaintiffs have represented that they have reason to believe Trucking was the lessor of the truck, but they have not abandoned their claim in

Count VII that Brokers was the lessor. Plaintiffs thus seek to preserve their right to show that their original complaint was correct when it named Brokers as the lessor of the truck. I conclude that this fact does not bar resort to the "relation back" provisions of Rule 15(c).

■ If plaintiffs in fact knew that they had mistakenly identified Brokers rather than Trucking as the lessor of the truck, they would simply have substituted Count IX for Count VII. In that case, viewing the facts most favorably to plaintiffs, Trucking's President would have learned within the period provided by law for commencing the action that plaintiffs were pressing a claim against the lessor of the truck and would have realized that plaintiffs mistakenly believed that Brokers was the lessor. Thus, Trucking would have known that, but for this mistake of plaintiffs, the action would have been brought against it. Then, given the satisfaction of the other Rule 15(c) requirements, their claim against Trucking would relate back to the filing of the complaint and they would be entitled to an opportunity to prove that Trucking was the lessor. This is so because Rule 15(c) authorizes relation back in situations in which a new party is substituted or added, as well as those in which a party originally intended to be named has been misnamed or misdescribed. *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.,* 93 F.R.D. 858 (D.Del.1982); *Yorden v. Flaste,* 374 F.Supp. 516 (D.Del.1974); *Taliferro v. Costello,* 467 F.Supp. 33 (E.D. Pa.1979); 3 Moore, *Federal Practice,* § 15.-15[4.–2] p. 15–224.

■ In the situation now before the Court, plaintiffs are not seeking to substitute Trucking for Brokers, but rather are

---

**3.** Because it is likely to be determined that Dickerson was the one who received the letter, it is unnecessary at this juncture to determine whether notification to Brokers constitutes notification to Trucking under the "identity of interest" theory. This theory is a judicial gloss on Rule 15(c) which provides that notice of the action to the original party constitutes constructive notice to the added party when the original and added parties are so closely con-

nected in their business and other activities that it is fair to presume that the added party learned of the action from the notice given to the original party. The theory is often applied where the original and added parties are a parent and its wholly owned subsidiary are two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space. *Jimenez v. Toledo,* 604 F.2d 99 (1st Cir. 1979).

seeking to add Trucking because they have reason to believe, but are not certain, that Trucking was the lessor. This alternative theory approach is, of course, a permissible litigating posture and plaintiffs' assumption of that posture places Trucking in no different position than it would have been in had it instead been substituted for Brokers. For this reason, I perceive no basis for denying to plaintiffs the ameliorative effects of Rule 15(c). Accordingly, I hold that where a plaintiff seeks to add a party defendant under circumstances otherwise satisfying the "relation back" requirements of Rule 15(c), a possibility that the plaintiff may have made a mistake in selecting the original defendants is sufficient to invoke the Rule.

Trucking's motion will be denied.