SOUNDS EXPRESS INTERNATIONAL LIMITED, Plaintiff,

v.

AMERICAN THEMES AND TAPES, INC. and Jack Benanty, Defendants.

82 Civ 1785 (LBS).

United States District Court, S.D. New York.

March 6, 1984.

Joel Z. Robinson, New York City, for plaintiff.

Coblence & Warner, New York City, for defendants; Kenneth E. Warner, Marjorie M. Smith, New York City, of counsel.

## OPINION

SAND, District Judge.

Plaintiff, Sounds Express International Ltd., is a British corporation, which *inter alia* distributes eight-track tapes. Plaintiff brings this action against American Themes and Tapes, Inc. ("A.T. & T."), based on the March 1982 shipment of approximately $78,000 worth of tapes from England to California. Plaintiff claims that A.T. & T., through its president, Jack Benanty, in collaboration with one Spencer Pearce, ordered this merchandise. The original complaint was amended to include a cause of action against Benanty, personally, on the grounds that he is the "alter ego" of A.T. & T. Defendants argue that Pearce, in his dealings with A.T. & T., acted solely on his own behalf, and that A.T. & T. neither ordered nor received the tapes.

Defendants A.T. & T. and Jack Benanty have filed dispositive motions under F.R.

Civ.P. 56 and 15(c), respectively. For the following reasons, we deny each of these motions.

### A.T. & T.

■ It is well established that on a motion for summary judgment under F.R. Civ.P. 56, the movant must demonstrate the absence of genuine issues of material fact and that he is entitled to judgment as a matter of law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Doubts about the existence of material issues of fact are resolved against the moving party.

■ The lengthy submissions provided by the parties raise at least the following material issues of fact:

1. Whether A.T. & T. itself ordered the tapes at issue. *See, e.g.*, Telex of September 1978 (confirming "order for 50,000 8 Tracks" over mechanical signature of A.T. & T.).

2. Whether A.T. & T. received these tapes. See Letter of A.T. & T.'s attorney, Ezor, dated February 26, 1981 (acknowledging receipt of tapes).

3. Whether A.T. & T.'s president, Jack Benanty, engaged in the transaction at issue on behalf of A.T. & T. *See* Affidavit of Michael Stern, paragraph 3(d); *see generally* deposition of Spencer Pearce.

4. Whether Benanty authorized Pearce to act as A.T. & T.'s agent in the tape transaction. *See supra* Stern Affidavit.

5. Whether "Mr. Benanty and American Themes & Tapes were basically one and the same." *See* Pearce deposition, p. 26 and *passim.*

These issues obviously go to the heart of plaintiff's contractual claims against A.T. & T. Defendant's attempts to explain what its attorney meant by acknowledging receipt of the tapes, *see* Benanty and Ezor Affidavits, and to parse the language of Stearn's Affidavit, *see* Benanty's Reply Affidavit, are unpersuasive for the purposes of this summary judgment application, and should more appropriately be presented at a trial on the merits.

### Benanty

It is not disputed that the statute of limitations for the actions based on the tape transaction expired in September 1982, four years after the transaction and months before Benanty was joined as a defendant. Therefore, the action against Benanty is time-barred unless the claim against him "relates back" to the date of the original complaint.

Rule 15(c) of the Federal Rules of Civil Procedure, which governs the relation back of pleadings, provides in pertinent part,

Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Defendant Benanty does not dispute that the claims against him arise out of the same transaction set forth in the original pleadings, nor does he argue that subsection 15(c)(1) has not been satisfied. The question then arises under Rule 15(c)(2), that is, whether Benanty knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. We believe plaintiff has satisfied this standard.

Preliminarily, we note that the question whether Benanty, under the circumstances of this case, is a "new party," can be

seriously debated. After all, plaintiff has raised the material issue whether Benanty and A.T. & T., the sole original defendant, are one and the same. *See* item 5 above. *Cf.* 6 Wright & Miller, Federal Practice and Procedure § 1498 at p. 514 ("An amendment by which plaintiff seeks to change the capacity in which defendant is being sued does not change the parties before the court and will relate back."); *DeFranco v. United States,* 18 F.R.D. 156, 160 (S.D.Cal. 1955) (where defendant has had notice from the beginning that plaintiff is trying to enforce claim against it because of specified conduct, the reasons for the statute of limitations· do not exist). Furthermore, courts have consistently interpreted Rule 15 in a liberal fashion. *See, e.g., Staren v. American Nat. Bank & Trust Co.,* 529 F.2d 1257 (7th Cir.1976); *Ratcliffe v. Ins. Co. of No. Am.,* 482 F.Supp. 759, 762–63 (E.D.Pa.1980); *Unilever Ltd. v. M/T Stolt Boel,* 77 F.R.D. 384 (S.D.N.Y.1977).

◼ Courts have generally held that Rule 15(c) is satisfied where the original party and added party have a close identity of interests. Indeed, even the cases cited by Benanty acknowledge this proposition. *See King and King Enterprises v. Champlin Petroleum Co.,* 446 F.Supp. 906, 910 (E.D.Okla.1978); *Ingenito v. Bermec Corp.,* 441 F.Supp. 525, 553 (S.D.N.Y. 1977). While we recognize that several of these discussions center on Rule 15(c)(1) (which focuses on possible prejudice to the new party), identity of interests has also served as touchstone for determining whether the new party knew or should have known that "but for" a mistake in identity, he would have been sued in the first instance. *See, e.g., Florence v. Krasucki,* 533 F.Supp. 1047, 1053 (W.D.N.Y. 1982); *Holden v. R.J. Reynolds Indus., Inc.,* 82 F.R.D. 157, 161 (M.D.N.C.1979) (under Rule 15(c), "pertinent analysis looks to the identity of interest between the named party and the one to be added to determine whether the latter knew of the mistake"). *See generally* 3 Moore's Federal Practice ¶ 15.15[4] (1983 ed.). Despite Benanty's assertion to the contrary, the rule clearly covers not only cases where a party has been misnamed or misdescribed, but also cases where there exists "a *possibility* that the plaintiff *may have* made a mistake in selecting the original defendants." *Gabriel v. Kent General Hospital Inc.,* 95 F.R.D. 391, 395 (D.Del.1982) (emphasis added). Thus, plaintiff need not *substitute* a new party for the original, but instead may *add* the new party and at the same time "preserve [his] right to show that [the] original complaint was correct." *Id.* at 394.

◼ We find that this is precisely what plaintiff intended to do here. Benanty, the president and majority stockholder of A.T. & T., and the center of plaintiff's initial allegations against A.T. & T., knew or should have known, *see supra Ratcliffe,* 482 F.Supp. at 763–64, that plaintiff may have made a mistake in originally suing only A.T. & T. There has been no suggestion that the failure to name Benanty in the original complaint was the result of inexcusable neglect. Under these circumstances, the Amendment to the Complaint is permissible.

For the foregoing reasons A.T. & T.'s motion for summary judgment and Benanty's motion to dismiss are denied.

The parties are directed to attend a pretrial conference on March 21, 1984 at 9:30 in Room 307.

SO ORDERED.