**Goldie KAMINSKI, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, General Motors Corporation, and The General Motors Retirement Program for Salaried Employees, Defendants.**

**No. 78 CIV 3931 (LBS).**

United States District Court,
S.D. New York.

April 6, 1984.

Corcoran & Brady, P.C., New York City, for plaintiff; Robert D. Brady, New York City, of counsel.

Parker, Auspitz, Neesemann & Delehanty, P.C., New York City, for defendants; Hollis L. Hyans, New York City, of counsel.

OPINION

SAND, District Judge.

Plaintiff Goldie Kaminski was employed by the General Motors Corporation for approximately twenty years, from 1955 until 1975. On August 23, 1978, she commenced this action against defendant Metropolitan Life Insurance Company ("Metropolitan") seeking sickness and accident disability benefits pursuant to a certificate of insurance between the General Motors Corporation and Metropolitan. Under this policy, eligible General Motors employees may recover salary replacement benefits for a limited period of disability caused by sickness or accident. On September 25, 1983, by memorandum endorsement, we granted plaintiff's motion to add as a defendant the General Motors Corporation "without prejudice to the right of General Motors to move to dismiss under the applicable statute of limitations." Plaintiff served General Motors with an amended complaint on

another viewpoint.

October 19, 1983, naming as defendants the General Motors Corporation and the General Motors Retirement Program for Salaried Employees (referred to jointly as "General Motors"), seeking retirement benefits under a General Motors program providing such benefits to certain employees found to be "wholly and permanently prevented from engaging in regular employment" with General Motors because of medical disability. Plaintiff also claims against General Motors entitlement to major medical and dental care coverage, life insurance, stock purchase program benefits, and $10 million dollars in punitive damages for the willful withholding of such benefits. Defendant General Motors now moves for summary judgment on the grounds that plaintiff's claims against it are barred by the statute of limitations. For the following reasons, we grant defendant's motion.

Both plaintiff and General Motors agree that this action is timely only if it relates back to the date of plaintiff's original complaint against Metropolitan.[1] The relation back of pleadings is governed by Rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

This rule imposes three distinct, but related requirements for the relation back of amendments "changing the party against whom a claim is asserted." While we recognize that the rule should be construed liberally, we do not believe that plaintiff's addition of General Motors and a new contractual basis for recovery, eight years after plaintiff left defendant's employ and five years after plaintiff instituted this action against Metropolitan, satisfies these standards.

I

To satisfy the threshold requirement of Rule 15(c), plaintiff must demonstrate that the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Plaintiff argues that she has met this standard because "the allegation of total disability which is made by the plaintiff" is "the basis of the claim against both Defendants." Plaintiff's Memorandum in Opposition, page 9.

This contention seriously misstates the relationship between the original and amended complaints. Plaintiff's original complaint sought damages for breach of a certificate of insurance pursuant to which General Motors employees would be eligible for sickness and accident benefits for *temporary* periods of disability. The decision to deny plaintiff these benefits was made by Metropolitan in 1975, after plaintiff was examined by two Metropolitan physicians. Plaintiff's amended complaint against General Motors rests in large part on a different contractual basis, the General Motors retirement program. The cause of action against General Motors arises out of General Motors' decision not to pay plaintiff *lifetime* benefits under this program, after plaintiff was examined by two General Motors physicians in 1976. In sum, plaintiff proceeds against a new defendant on the basis of a different contract

---

1. At oral argument, plaintiff's attorney stated that plaintiff does not contend that the statute was tolled for any period of time.

and different medical examinations under different auspices. Plaintiff's amendment falls squarely within Professors Wright and Miller's description of claims time barred under Rule 15:

> When plaintiff attempts to allege an entirely different transaction by amendment, as, for example, the separate publication of a libelous statement or the breach of an independent contract, the new claim will be subject to the defense of statute of limitations.

Wright & Miller, 6 Federal Practice and Procedure § 1497 at 489–90 (1971); *cf. Illinois Tool Works, Inc. v. Foster Grant Co.,* 395 F.Supp. 234 (D.C.Ill.1974), *affirmed,* 547 F.2d 1300 (7th Cir.1976), *cert. denied,* 431 U.S. 929, 97 S.Ct. 2631, 53 L.Ed.2d 243 (1977) (infringement of one patent is not the "same conduct, transaction, or occurrence" as alleged infringement of another patent.)

While we recognize that some of the evidence admissible against Metropolitan on the claim for temporary benefits would also be admissible against General Motors on the claim for permanent benefits, we do not believe that the overlap of evidence alone will satisfy the relation back standards. *Cf.* 6 Wright & Miller, *supra* at 503–04 (rejecting mechanical tests to determine relation back). Moreover, the primary purpose of Rule 15(c) is to assure that defendants have received adequate notice of claims within the limitations period and will not be unduly prejudiced by amendments to the complaint. Thus, "Rule 15(c) is not simply an identity of transaction test," and "although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading." *Id.* at 495; *see also* 3 *Moore's Federal Practice* ¶ 15.15[3] at 15–194 (2d ed. 1983). Notice and prejudice, of course, are overtly addressed in Rule 15(c)'s provisions governing the addition of parties. Thus, our discussion of subsections (1) and (2) of Rule 15(c), concluding that plaintiff has failed to satisfy these subsections, will also bear on the question whether plaintiff

has satisfied the threshold requirement of Rule 15(c). But assuming *arguendo* that plaintiff's claims against General Motors arise out of the same "conduct, transaction, or occurrence" as the claim against Metropolitan, we do not believe plaintiff has met the following two requirements.

## II

Rule 15(c)(1) inquires whether the party to be brought in by amendment has, within the period of the statute of limitations, "received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits."

Plaintiff raises three arguments to demonstrate that defendant General Motors received the notice contemplated by Rule 15(c)(1). Principally, plaintiff advances an "identity of interests" theory, arguing that General Motors and Metropolitan "are so closely connected in their business activities that it is fair to presume that the added party learned of the action from the notice given to the original party." Plaintiff's Memorandum of Law, page 7. As we recently recognized, "identity of interests" analysis has served as a useful device for determining whether either subsection of Rule 15(c) has been satisfied. *See Sounds Express Internat'l Ltd. v. American Themes & Tapes, Inc.,* (LBS), 101 F.R.D. 694 (1984). Yet, as General Motors correctly observes, courts have generally found "identity of interests" only in cases involving parent-subsidiary relationships, alter ego relationships, shared office space, agents, officers, directors, or attorneys. None of these is involved here. General Motors and Metropolitan have few common interests in this litigation; each defendant's alleged liability is based upon a different and unrelated contract. Unlike many instances where plaintiffs sue both insurer and insured, the insurer here is not the party ultimately liable in the action against its insured. Indeed, to the extent that recovery against one defendant might preclude or limit the liability of another, General Motors and Metropolitan have antagonistic interests.

*Cf. Rogatz v. Hospital General San Carlos, Inc.*, 89 F.R.D. 298, 300 (D.P.R.1980) ("interests between insured and insurer, far from being identical, are sometimes antagonistic.").

Plaintiff also maintains that General Motors received proper notice because Metropolitan, in defending plaintiff's suit against it, had to retrieve plaintiff's personnel files from General Motors. In so arguing, plaintiff misconstrues the type of notice required by Rule 15(c). General Motors has never denied that it knew plaintiff was suing Metropolitan based on the alleged breach of the certificate of insurance. Rather, General Motors contends, it never received notice of the cause of action against it.[2] This action, for lifetime retirement benefits pursuant to the employee retirement program, is neither mentioned nor suggested by the original complaint.

Finally, plaintiff claims that General Motors, by letter of November 16, 1978, from house counsel David Davis to the Reverend Edwin O'Brien, acknowledged receipt of notice. In this letter, Mr. Davis states, "At the present time litigation is pending between Mrs. Kaminski versus [sic] General Motors Corporation and the insurance carrier." General Motors convincingly argues, however, that the "litigation" mentioned here was plaintiff's then-pending appeal of an adverse ruling by the State Department of Labor involving plaintiff's claim of improper termination. Interpreting this letter in the manner suggested by plaintiff would mean attributing either a misstatement or unusual powers of foresight to its author.

In arguing that General Motors has received notice, plaintiff largely ignores the issue of "prejudice" under Rule 15(c)(1). As General Motors demonstrates, the passage of time has severely damaged its ability to defend against plaintiff's claims. Plaintiff's medical condition at the time of her discharge is at the heart of this case. Plaintiff was discharged in 1975. The General Motors division at which plaintiff worked moved from New York to Detroit in 1978. Plaintiff was last examined by General Motors physicians in 1976. General Motors has not participated at all in discovery of this action. These undisputed facts place General Motors in precisely the predicament that statutes of limitation are designed to prevent. *See American Pipe and Construction Company v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974) (statute aims to prevent " 'surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' ").

## III

Plaintiff has also failed to establish that General Motors "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [General Motors]." Plaintiff made no mistake in suing Metropolitan on the claim asserted in her original complaint; Metropolitan was the only party liable on the certificate of insurance. Plaintiff now seeks to assert a different claim against the added party. While in hindsight, it may have been wiser for plaintiff to have included General Motors and the new allegations in her original pleading, Rule 15(c)(2) does not intend to insulate plaintiffs from the consequences of their tactical errors. *See Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 103 (1st Cir.1979) (15(c)(2) not satisfied because added parties "could very well have believed that they were not named as parties in the original complaint for tactical reasons or because [plaintiff] lacked evidence ...."); *see also Gridley v. Cunningham*, 550 F.2d 551, 553 (8th Cir.1977) (where original complaint alleges only breach of contract against sole defendant, and amended complaint adds fraud count against a new defendant, "[t]here was no reason for [the added party] to know from

---

**2.** According to Court records, in 1979, plaintiff apparently moved to add General Motors as a defendant in this action. This motion was withdrawn. Plaintiff has not challenged General Motors' assertion that it did not receive notice of this proposed motion.

the contract action against the [original defendant] that he would be named a defendant in a fraud action."). Rather, the rule covers instances where " 'a party who may be liable for the actionable conduct alleged in the Complaint was omitted as a party defendant.' " *Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 547 (D.Nev. 1981) (citing cases).[3] No such omission occurred here.

Plaintiff suggests throughout her brief and affidavit that General Motors somehow misled her as to the identity of the proper defendant. It is well established that "if the party sought to be added either knowingly allows plaintiff to think he has sued the proper party or actually misleads him as to the identity of the party that should be held responsible, the new defendant will be estopped from asserting a statute of limitations defense." Wright & Miller, *supra*, § 1500 at 522 (footnote omitted). We do not believe estoppel is appropriate here.

First, as discussed above, little evidence of General Motors' deception appears on the face of plaintiff's original complaint— on the cause of action alleged, plaintiff sued the proper party. Second, it is apparent from plaintiff's deposition of February 1979 that plaintiff was well aware of the fact that Metropolitan and General Motors had different roles with respect to the payment of benefits. Counsel for Metropolitan repeatedly attempted to distinguish the respective liabilities of General Motors and Metropolitan. *See also* letters of house counsel David Davis, attached as exhibits to plaintiff's affidavit (dated Dec. 5, 1977 and Nov. 16, 1978) (distinguishing roles of Metropolitan and General Motors). Though Plaintiff contends she had no contact with Metropolitan "prior to the time when she became permanently disabled," defendant argues that plaintiff, who took six separate disability leaves of absence, each longer than one month, during her twenty years at General Motors, was fully cognizant of company sickness and accident disability procedures. Moreover, while the record before us is somewhat unclear, plaintiff apparently proceeded against both defendants in separate state administrative determinations. Metropolitan was required to pay twenty six weeks of disability benefits; a referee dismissed plaintiff's claim of improper termination against General Motors. Defendant's Memorandum of Law, pp. 3–4 n. 1. Finally, and most importantly, plaintiff concedes that her previous attorney in this matter advised her in 1979 (when the limitations period arguably applicable had not yet expired) "that the Complaint should be amended to add my former employer, GENERAL MOTORS CORPORATION, as a party Defendant since all of the benefits which I should have been paid and all of the claims which I have made, were not the responsibility of the present Defendant, METROPOLITAN LIFE INSURANCE COMPANY, but required the inclusion of GENERAL MOTORS CORPORATION for full and complete recovery." Plaintiff's affidavit, ¶ 5.[4]

---

**3.** We recognize that Rule 15(c)(2) covers not only mistakes in identity, *e.g.*, where a party has been misnamed or misdescribed, but also covers cases where there exists "a *possibility* that the plaintiff *may have* made a mistake in selecting the original defendants." *Gabriel v. Kent General Hospital Inc.*, 95 F.R.D. 391, 395 (D.Del.1982) (emphasis added). Thus, plaintiff need not substitute a new party for the original, but instead may add the new party and at the same time "preserve [his] right to show that [the] original complaint was correct." *Id.* at 394.

**4.** *See supra* note 2. Although plaintiff states that she was proceeding *pro se* until June 1979, she clearly had the assistance of counsel in drafting her original complaint, and throughout much of these proceedings. See affidavit of plaintiff's attorney Robert Brady (dated August 23, 1983) ("When she sought assistance of the Legal Services for the Elderly Poor the attorneys for that organization took all of the facts, reviewed all of her documentation and drew the complaint which was filed in the matter."). Also, from 1977 to 1979, plaintiff was represented by the Legal Services for the Elderly Poor in an action before this Court to obtain Social Security disability benefits based upon the ulcer condition plaintiff claims is disabling here. Judge Weinfeld sustained the finding of the Administrative Law Judge that plaintiff retained the capacity " 'to engage in her prior type work activity as a secretary or clerical work[er], not necessarily with her current employer.' " *Kaminski v. Califano*, 465 F.Supp. 367, 369 (S.D.N.

In sum, although plaintiff possibly was confused about the source of potential benefits, General Motors was not the source of this confusion, and should not be estopped from asserting the statute of limitations.

For the foregoing reasons, we grant defendant General Motors' motion for summary judgment and dismiss this action as to the General Motors Corporation and the General Motors Retirement Program for Salaried Employees. The remaining parties are directed to attend a pretrial conference on April 25, 1984 at 9:30 A.M. in Room 307 of the Courthouse.

SO ORDERED.

Y.1979), *affirmed,* 614 F.2d 1288 (2d Cir.1979). No claim has been advanced that this finding or the earlier social security litigation estops plaintiff from pursuing the action against General Motors or Metropolitan.