Max THIELE and Opal Thiele, Plaintiffs and Appellants,

v.

LINDQUIST & VENNUM, Renee J. Selig, J. Michael Dady, Security State Bank of New Salem, a banking corporation, Antone Goetz, and Delores Maier, Defendants and Appellees.

Civ. No. 11325.

Supreme Court of North Dakota.

April 16, 1987.

Hoovestol Law Firm, Bismarck, for plaintiffs and appellants; argued by Calvin Hoovestol.

Lindquist & Vennum, Minneapolis, Minn., and Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for defendants and appellees; argued by J. Michael Dady. Apperance by Albert A. Wolf.

ERICKSTAD, Chief Justice.

Max and Opal Thiele appeal from a partial summary judgment dismissing all claims brought by them against the defendants except their fraud claim against Security State Bank of New Salem (Security) and the defendant bank officers Antone Goetz and Delores Maier. We affirm and remand.

Max and Lawrence Thiele are brothers, and each owns an undivided one-half interest as a tenant in common in the Thiele family farm. In 1980 Security made a farm loan to Lawrence and secured the loan with a $75,000 mortgage against the farmland jointly owned by Max and Lawrence. The mortgage, which was executed on July 22, 1980, was signed by Lawrence, Max, and Opal Thiele. Additional loans were made to Lawrence, and the mortgage on the family farm was subsequently renewed on October 16, 1981.

Security filed a complaint, dated June 11, 1985, to foreclose the mortgage against Lawrence, Max, and Opal. Subsequently, Max and Opal filed an action against Security, its officers Antone Goetz and Delores Maier, and the attorneys who represented the bank in filing the foreclosure action, asserting that Security, prior to taking the original mortgage on the farmland, had promised Max and Opal that it would not have a security interest against Max's one-half undivided interest in the property. The complaint alleged that the defendants acted wrongfully in naming Max and Opal as defendants to the foreclosure action and in seeking to foreclose the mortgage on Max's interest in the property. Based upon this alleged wrongdoing, Max and Opal's complaint set forth ten separate claims against the defendants: (1) wrongful foreclosure; (2) fraud and deceit; (3) slander of title and conversion; (4) malicious prosecution; (5) abuse of process; (6) breach of fiduciary duty; (7) breach of the duty of good faith; (8) intentional or negligent infliction of emotional distress; (9) prima facie tort; and (10) oppression. At a hearing on the matter Max and Opal, through their counsel, stipulated to a dismissal of their claims for slander of title and conversion, malicious prosecution, prima facie tort, and oppression. They also conceded that the alleged tort of wrongful foreclosure was "subsumed" in the abusive process claim.

Upon motion by the defendants, the trial court dismissed all claims against the defendant attorneys and dismissed all claims against Security and its officers except the fraud claim. The trial court entered a partial summary judgment, accompanied by a Rule 54(b), N.D.R.Civ.P. certification, from which Max and Opal have filed this appeal. The trial court's refusal to grant a dismissal on the fraud claim is not before us on this appeal.

Prior to entry of the partial summary judgment in Max and Opal's action, the parties in the foreclosure action entered a stipulation agreeing that Max and Opal would be dismissed as party defendants to the foreclosure proceedings, agreeing to partition the property in kind with Max and Lawrence each taking a separate one-half interest, and agreeing that Security would make no claim against Max's interest in the property based upon the aforementioned mortgages in this case which were signed by Max and Opal.

Summary judgment is a procedure for promptly and expeditiously disposing of a controversy without a trial when there is no dispute as to any material fact or the

inferences to be drawn from undisputed facts or when only a question of law is involved. *First National Bank of Hettinger v. Clark,* 332 N.W.2d 264 (N.D. 1983). In determining whether a summary judgment is appropriate the court may consider the pleadings, depositions, admissions, affidavits, and interrogatories. *Spier v. Power Concrete, Inc.,* 304 N.W.2d 68 (N.D.1981). On appeal from a summary judgment the evidence is viewed in a light most favorable to the party against whom the summary judgment was granted. *Pioneer Credit Co. v. Medalen,* 326 N.W.2d 717 (N.D.1982).

In this case Max and Opal's claim for relief against the defendants, with regard to each and every theory upon which they seek recovery, is based upon a single essential allegation: that the defendants had no right, and it was therefore wrongful for them, to file a foreclosure action against the entire farmland property described in the mortgages or to name Max and Opal as party defendants.

In their written answers to interrogatories submitted by Security, Max and Opal concede that they were informed, prior to executing the original mortgage document, that the entire property might be sold upon foreclosure but that one-half of the sale proceeds from the foreclosure would go to Max and Opal:

> "Goetz and Maier asked Max and Opal Thiele to sign a real estate mortgage for the Thiele family farm so that the Bank could have a security claim for Lawrence's one-half interest in the farm. Goetz and Maier told Max and Opal Thiele that if Lawrence Thiele did not work his way out of financial problems, then the farm might be sold, and the Bank would get one-half of the sale pro-

ceeds and Max and Opal Thiele would get the other one-half of the sale proceeds."

Even if we assume, as Max and Opal assert, that they were promised by Security that the bank was not going to retain a security interest in Max's one-half interest in the farmland, we believe the foregoing concession by Max and Opal precludes them, as a matter of law, from having an actionable claim for the defendants' filing of the foreclosure action naming Max and Opal as party defendants. The only reasonable inference that can be drawn from the foregoing statement by Max and Opal is that unless they were denied one-half of the proceeds from a sale of the mortgaged property there would be no actionable wrong committed against them by the defendants in foreclosing the mortgage.

The parties, through their subsequent stipulation in the foreclosure action, have clarified the status of the foreclosure by agreeing that the property is to be partitioned in kind and that Security does not have and will not claim a security interest in Max's ownership interest in the farmland.

In accordance with this opinion the partial summary judgment of dismissal is affirmed, and the case is remanded for final disposition on the merits.

GIERKE, MESCHKE and LEVINE, JJ., concur.

VANDE WALLE, J., concurs in the result.