HELMER v PEOPLES COMMUNITY HOSPITAL AUTHORITY

Docket No. 89434. Submitted March 9, 1987, at Detroit. Decided July 20, 1987.

Ross Helmer, administrator of the estate of Douglas Helmer, deceased, brought a wrongful death and malpractice action in the Wayne Circuit Court against Peoples Community Hospital Authority on January 28, 1980. On June 23, 1981, the hospital filed a third-party complaint against David Taubin, M.D., and Emergency Physicians Medical Group. Plaintiff did not assert any claims against the third-party defendants. Plaintiff's case was pending in the circuit court on January 22, 1985, when *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984), was released. The circuit court, Robert J. Colombo, Jr., J., subsequently granted defendant hospital's motion for summary disposition on the basis of governmental immunity. The circuit court also denied plaintiff's motion to amend his complaint to substitute the third-party defendants as principal defendants, citing expiration of the period of limitations as it applied to the third-party defendants. Plaintiff appeals from both decisions of the circuit court.

The Court of Appeals *held:*

1. The circuit court's retroactive application of *Ross* to this action was proper.

2. Plaintiff's argument that the retroactive application of *Ross* denied him due process of law is without merit.

3. The trial court did not err by applying the statute of limitations to prevent plaintiff's substitution of the third-party defendants as principal defendants. The trial court properly exercised its discretion in this matter.

4. Plaintiff, under MCR 2.204(A)(3), could have asserted a claim against the third-party defendants at any time before the

REFERENCES

Am Jur 2d, Limitation of Actions §§ 217, 220, 272.

Am Jur 2d, Pleading § 337.

Medical malpractice: amendment purporting to change the nature of the action or theory of recovery, made after statute of limitations has run, as relating back to filing of original complaint. 70 ALR3d 82.

period of limitation expired, but did not do so. Such failure may reasonably be interpreted as an election to forego the right to name the third-party defendants as principal defendants.

5. Plaintiff's reliance on MCR 2.118(D), which provides for relation back of an amendment to the date of the original pleading, is unavailing. An amendment generally will not relate back to the original filing date for purposes of adding a new principal defendant if the period of limitation has expired as to that defendant.

Affirmed.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL AGENCIES.

The Supreme Court's decision in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984), applies to all cases commenced after January 22, 1985, and cases pending either in trial or appellate courts on that date in which a governmental immunity issue was properly raised and preserved.

2. APPEAL — PRESERVING QUESTION.

A party fails to preserve an issue for appeal where he fails to raise the issue in the trial court.

3. MOTIONS AND ORDERS — AMENDMENT OF PLEADINGS — PARTIES.

It is within a trial court's discretion to grant or deny a motion to amend a pleading or to add a party (MCR 2.118[A], 2.207).

4. LIMITATION OF ACTIONS — THIRD-PARTY ACTIONS.

A plaintiff may assert a claim against third-party defendants at any time before the period of limitation applicable to the action expires; the failure to assert such a claim may reasonably be interpreted as an election to forego the right to name third-party defendants as principal defendants (MCR 2.204[A][3]).

5. PLEADING — LIMITATION OF ACTIONS — THIRD-PARTY ACTIONS.

Amendment of a complaint does not relate back to the original filing date for purposes of adding a new principal defendant where the period of limitation has expired as to that defendant.

*Frederick D. Jasmer, P.C.* (by *Frederick D. Jasmer*), for plaintiff.

*Cozadd, Shangle, Smith & Andrews* (by *John R. Day*), for Peoples Community Hospital Authority.

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *William C. Hurley* and *Dennis J. Mendis*), for David Taubin, M.D., and Emergency Physicians Medical Group.

Before: CYNAR, P.J., and WEAVER and M. H. CHERRY,* JJ.

PER CURIAM. Plaintiff, the father of decedent Douglas Helmer and also the administrator of Douglas Helmer's estate, appeals as of right from summary disposition entered by the Wayne Circuit Court in favor of defendants on the basis of governmental immunity, MCR 2.116(C)(7), and also from denial of a motion to amend. We affirm.

This wrongful death and malpractice suit arose out of the suicide of plaintiff's son, who died when he crashed in a small airplane he had rented on January 31, 1978. The young man's death occurred after an earlier attempted suicide for which he had been treated at defendant hospital by third-party defendant David Taubin, M.D.

Plaintiff filed a complaint against Peoples Community Hospital Authority (defendant hospital) on January 28, 1980. Although on June 23, 1981, defendant hospital filed a third-party complaint against Dr. Taubin and Emergency Physicians Medical Group, plaintiff did not assert any claims against them. Plaintiff's case was pending in the circuit court on January 22, 1985, when the Michigan Supreme Court released its opinion concerning governmental immunity in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 641 (1984).[1] The circuit court subsequently granted defendant hospital's motion for summary disposition on the basis of governmental immunity under MCR 2.116(C)(7). Citing expiration of the period of limitations as it applied to the third-party defendants, the circuit court also denied plaintiff's motion to amend his complaint to substitute the third-party defendants as principal defendants in the case. Plaintiff appeals from both decisions of the circuit court.

On appeal, plaintiff argues that the circuit court improperly decided that *Ross, supra,* retroactively barred plaintiff's cause of action, that such application contravened plaintiff's due process rights, and that the trial court erred in determining that the statute of limitations prevented plaintiff's substitution of third-party defendants as principal defendants in the case.

I

We find no error in the circuit court's retroactive application of *Ross*. The defendant hospital, as a public general hospital, is a state agency. See *Ecorse v Peoples Community Hospital Authority,* 336 Mich 490, 502; 58 NW2d 159 (1953). Defendant hospital's operation is authorized by statute. MCL 331.1 *et seq.*; MSA 5.2456(1) *et seq.* Although *Parker v Highland Park,* 404 Mich 183, 194-195; 273 NW2d 413 (1978), had previously held that

[1] In July of 1982 the trial court granted defendant hospital's motion for directed verdict on the basis that plaintiff had failed to introduce evidence that the alleged malpractice was the proximate cause of decedent's suicide. On appeal, this Court in an unpublished per curiam opinion reversed the directed verdict, holding that the trial court abused its discretion when refusing to let a particular doctor testify as to the standard of care for emergency room personnel, and remanded the case to allow this testimony. *Estate of Helmer,* unpublished opinion per curiam of the Court of Appeals, decided June 23, 1984 (Docket No. 67190).

public general hospitals are not immune from tort liability, the language of *Ross* implies that a public general hospital *is* engaged in the exercise or discharge of a governmental function, and, therefore, is immune whenever its activities are expressly or impliedly mandated or authorized by constitution, statute, or other law. *Ross, supra,* 620-621. However, *Ross* did not indicate whether its decision should be applied retroactively.

This issue remained to be resolved by *Hyde v University of Michigan Regents,* 426 Mich 223, 237-242; 393 NW2d 847 (1986), which was decided after plaintiff had filed his appeal brief in this case. *Hyde* applies governmental immunity to a public general hospital, noting the general rule that judicial decisions are generally given complete retroactive effect and that *Ross* had impliedly overruled *Parker. Hyde, supra,* 240, 245-246. *Hyde* concluded that *Ross* specifically applied "to all cases commenced after . . . and . . . pending either in trial or appellate courts on January 22, 1985, in which a governmental immunity issue was properly raised and preserved." *Hyde, supra,* 230.

Here, plaintiff's case was pending in the courts on January 22, 1985, the date the *Ross* decision was released, and defendant hospital had raised in its answer the affirmative defense of governmental immunity. Because plaintiff concedes that his suit would be properly barred if *Ross* could be retroactively applied, and since *Hyde* clearly mandates this result, further analysis and application of the *Ross* immunity test is unnecessary.

II

Plaintiff's argument that he relied upon *Parker, supra,* to allege that public general hospitals are

not subject to immunity and that, therefore, the retroactive application of *Ross* denies him due process of law is without merit. First, plaintiff failed to preserve the issue for appeal by raising it in the trial court. *Oakland Co v Detroit,* 81 Mich App 308, 313; 265 NW2d 130 (1978), lv den 403 Mich 810 (1978). Second, as already noted, this very claim was rejected in *Hyde*, which held that *Ross* had superseded *Parker.*

### III

Plaintiff's final argument is that the trial court erred by applying the statute of limitations to prevent his substitution of third-party defendants as principal defendants in this case. We do not agree.

It was within the discretion of the circuit court to grant or deny a motion to amend a pleading or to add a party. MCR 2.118(A); MCR 2.207; *In re Yeager Bridge Co,* 150 Mich App 386, 397; 389 NW2d 99 (1986). Here, the court properly exercised its discretion when deciding that the amendment was barred by the statute of limitations, which provides a period of limitation of two years from the date of accrual or six months from the date the claim was discovered or should have been discovered. MCL 600.5805(4); MSA 27A.5805(4); MCL 600.5838(2); MSA 27A.5838(2). The alleged malpractice occurred on January 31, 1978; plaintiff filed his complaint against defendant hospital on January 28, 1980. Although defendant's third-party complaint was filed on June 23, 1981, plaintiff waited until after the court granted defendant hospital's motion for summary disposition, on or about November 12, 1985, to file his motion to amend the complaint.

Under MCR 2.204(A)(3), plaintiff could have asserted a claim against third-party defendants at any time before the period of limitation expired, but did not do so. *Higginbotham v Fearer Leasing, Inc,* 32 Mich App 664, 673-674, 677; 189 NW2d 125 (1971), lv den 385 Mich 765 (1971). Such failure may reasonably be interpreted as an election to forego the right to name third-party defendants as principal defendants.

Plaintiff's reliance on MCR 2.118(D), which provides for relation back of an amendment to the date of the original pleading, is unavailing. This is because an amendment will generally not relate back to the original filing date for purposes of adding a new principal defendant if the period of limitation has expired as to that defendant. *Higginbotham, supra,* 673-674, 677; *Browder v Int'l Fidelity Ins Co,* 98 Mich App 358, 361; 296 NW2d 60 (1980), aff'd 413 Mich 603; 321 NW2d 668 (1982). See also *Forest v Parmalee (On Rehearing),* 60 Mich App 401; 231 NW2d 378 (1975), aff'd 402 Mich 348; 262 NW2d 653 (1978). We see no reason to create an exception in this case.

For the foregoing reasons, we uphold the circuit court's granting of summary disposition and denial of the motion to amend.

Affirmed.