**WAYNE–JUNTUNEN FERTILIZER COMPANY, a Corporation, Plaintiff and Appellant,**

v.

**Walter LASSONDE, Defendant,**

and

**Fred Lassonde, Defendant and Appellee.**

**Civ. No. 890324.**

Supreme Court of North Dakota.

June 1, 1990.

Arne F. Boyum, Jr. (argued), Rolla, for plaintiff and appellant.

Mary Kathleen O'Donnell (argued), Rolla, for defendant and appellee.

ERICKSTAD, Chief Justice.

Wayne–Juntunen Fertilizer Company, Inc., appeals from a summary judgment dismissing its collection action against Fred Lassonde. We reverse and remand.

In order to accurately assess the situation, some background history is required. Wayne–Juntunen Fertilizer, Inc. (Wayne–Juntunen) commenced a collection action against Walter Lassonde [1] (Walter) on August 3, 1981, based on the sale and delivery of goods and merchandise as shown on charge slips dating from May 1, 1979, through October 8, 1979. Judgment on Default for $4,661.42 was taken against Walter on November 24, 1981. On August 4, 1981, Wayne–Juntunen filed a Fertilizer and Chemical Lien against Fred Lassonde (Fred) for fertilizer and chemicals supplied to Fred from and after May 4, 1981, in the

---

1. Fred and Walter Lassonde are brothers who owned land independently of each other but farmed together until 1980.

amount of $16,250.55. The lien was satisfied on September 30, 1981.

Wayne–Juntunen commenced this current collection action on July 27, 1983, against Walter alleging "[t]hat on or about July 31, 1981, the defendant [Walter] was indebted to the plaintiff in the sum of $30,000.00 for goods and merchandise sold and delivered by plaintiff to defendant at defendant's special instance and request." The information provided to the district court did not include any charge slips. On October 21, 1987, Wayne–Juntunen was allowed to amend the complaint to add Fred as a defendant and to allege that Walter and Fred were jointly and severally indebted to Wayne–Juntunen in the sum of $20,342.26. Account slips dated April 1980 through January 1981 were incorporated in support of the amended complaint. The account slips all had the name Fred Lassonde listed as the customer. None of the account slips were signed, with the exception of one dated June 5, 1980, which was signed by Walter.

Walter's credit account with Wayne–Juntunen was terminated in late 1979 or early 1980 because of Walter's financial difficulties. Curtis Juntunen, who was a stockholder and manager of Wayne–Juntunen Fertilizer in 1980, allowed Walter to continue to charge merchandise on Fred's account.[2] Walter also made periodic payments on the account. No allegation was made that Fred authorized Walter to charge on his account or that Fred agreed to be responsible for Walter's charges. By summary judgment, Walter was dismissed from this action on December 23, 1987, based upon the theory of *res judicata*.[3]

On May 16, 1989, Fred filed an amended motion for summary judgment contending that the doctrine of *res judicata* and the statute of limitations barred the action. In an affidavit in support of the summary judgment motion, Fred asserted:

"II.

"That on the 31st day of July, 1981, the total balance due on my account with plaintiff, Wayne–Juntunen Fertilizer Company, was $16,250.55.

"III.

"That on the 4th day of August, 1981, a lien was claimed by Curtis Juntunen, of Wayne–Juntunen Fertilizer Company, against certain property owned by defendant, Fred Lassonde, pursuant to Section 35–09–03 of the North Dakota Century Code for 'fertilizer and chemicals supplied to Fred Lassonde.' This lien was in the amount of $16,250.55 which amount represented the entire balance due on my account on that date.

"IV.

"That on the 30th day of September, 1981, a Satisfaction of the aforementioned lien was filed in the Rolette County Register of Deeds Office by Curtis Juntunen and that this Satisfaction represented payment in full of my account with Wayne–Juntunen Fertilizer company.

"V.

"That I have seen copies of the credit slips and charge slips upon which the Complaint against me is based and that none of them have been signed by me or by anyone authorized by me to sign such invoices.

"VI.

"That I have asked plaintiff's attorney to produce the scale tickets which would correspond to the previously mentioned credit slips and charge slips and that plaintiff's attorney is unable to produce such scale tickets.

---

**2.** Bob Wayne, the current president of Wayne–Juntunen Fertilizer, Inc., contends that he objected to the practice of allowing Walter to charge on Fred's account.

**3.** Walter's dismissal from the action is not a part of this appeal.

"VII.

"That I was never billed for the amounts represented by the credit slips and charge slips submitted as evidence in this case until 1987.

"VIII.

"That I have paid the plaintiff in full for any and all goods and merchandise that have been delivered and sold to me by plaintiff."

In a memorandum decision dated August 7, 1989, and judgment dated August 22, 1989, the district court granted Fred's motion for summary judgment based upon the statute of limitations pursuant to section 28–01–16, N.D.C.C.

On appeal from the August 22, 1989, judgment dismissing the action against Fred, Wayne–Juntunen raises the following issues:

"I. Is there a factual dispute between the parties which precludes summary judgment?

"II. Does adding Fred Lassonde as a party defendant in 1987 relate back to the 1983 commencement of the action thereby excepting the applicability of the six year statute of limitations?"

Summary judgment is a procedure for promptly and expeditiously disposing of a controversy without a trial if there is no dispute as to any material facts or the inferences to be drawn from undisputed facts or when only a question of law is involved. *Wheeler v. Schmid Laboratories, Inc.*, 451 N.W.2d 133, 136 (N.D.1990); *Adams v. Canterra Petroleum, Inc.*, 439 N.W.2d 540, 542 (N.D.1989). On appeal from a summary judgment, the evidence is viewed in a light most favorable to the parties against whom the summary judgment was granted. *Wheeler, supra* at 136; *Thiele v. Lindquist and Vennum*, 404 N.W.2d 52, 53–54 (N.D.1987).

I.

■ Wayne–Juntunen contends that the issue of whether or not Fred owes the $20,342.00 is a genuine issue of material fact which precludes summary judgment. While issues of fact are generally not subject to disposition by summary judgment, we have recognized that summary judgment is proper if the law is such that the resolution of the factual dispute will not change the result. *Benjamin v. Benjamin*, 439 N.W.2d 527, 528 (N.D.1989); *Gowin v. Hazen Memorial Hospital Ass'n*, 349 N.W.2d 4, 8 (N.D.1984). Thus, even if there is a genuine issue of material fact as to whether or not Fred is responsible for the debt, summary judgment would be appropriate if the statute of limitations had expired prior to the commencement of the collection action against Fred. For that reason, we will now address Wayne–Juntunen's second issue.

II.

■ Wayne–Juntunen contends that the amendment of the complaint adding Fred as a defendant in 1987 relates back to the 1983 commencement of the action thereby excepting the applicability of the six-year statute of limitations. Under North Dakota law, this type of action must be commenced within six years of the accrual of the claim for relief. *See* section 28–01–16(1), N.D.C.C.[4] The account slips in question are all dated 1980, with the exception of one which is apparently a payment dated January 29, 1981. Therefore, unless the account involved charges incurred later than January 29, 1981, and that does not seem to have been alleged, the action to be viable must have been commenced at the very latest, by January 29, 1987. The action against Walter was commenced on July 27, 1983. Fred was not added as a defendant, however, until October 21, 1987, beyond the period of expiration of the statute of limitations. Therefore, the action could be construed to have been timely filed against Fred only if the 1987 amend-

---

**4.** Section 28–01–16(1), N.D.C.C., reads:
"The following actions must be commenced within six years after the claim for relief has accrued:

"1. An action upon a contract, obligation, or liability, express or implied, subject to the provisions of sections 28–01–15 and 41–02–104."

ment "related back" to the 1983 commencement of the action pursuant to Rule 15(c) of the North Dakota Rules of Civil Procedure. Rule 15(c), in pertinent part, reads:

"*(c) Relation back of amendments.* Whenever the claim or defense asserted in an amended pleading has arisen out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (i) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Commencement of an action against one party usually does not operate to toll the running of the applicable period of limitation as to other persons not named as defendants in the suit. Wayne–Juntunen asserts, however, that the amendment adding Fred to the complaint as a party defendant relates back to the 1983 commencement of the action, citing 51 Am.Jur.2d *Limitations of Actions* § 272 (1970) which reads:

"[A]dditional parties defendant can be brought in by amendment after the period of the statute of limitations has elapsed where the added defendants are necessary parties, ... or where their ad-

dition merely corrects a defect in the original proceeding."

Wayne–Juntunen's view is that Fred was a necessary party for a just adjudication of the claim, that he could have been added at any time pursuant to Rule 19(a), N.D.R. Civ.P.,[5] and apparently that this justifies adding his name after the statutory period for bringing the action had expired.

In *Helmer v. Peoples Community Hosp. Auth.*, 161 Mich.App. 675, 411 N.W.2d 823 (1987), the plaintiff appealed from a trial court's denial of a motion for substitution of a third-party defendant as the principal defendant. The trial court denied the amendment based upon the expiration of the statute of limitations. In affirming the trial court, the Michigan Court of Appeals stated:

"Under MCR 2.204(A)(3), plaintiff could have asserted a claim against third-party defendants at any time before the period of limitation expired, but did not do so. Such failure may reasonably be interpreted as an election to forego the right to name third-party defendants as principal defendants." [Citation omitted.]

*Helmer*, 411 N.W.2d at 825.

Wayne–Juntunen was aware of the existence of Fred at the time of the commencement of the action against Walter in 1983. Wayne–Juntunen decided, however, to name only Walter in the complaint. Wayne–Juntunen could have added Fred as a defendant any time before the period of limitation expired pursuant to Rule 19(a), N.D.R.Civ.P. As in *Helmer*, such a failure to do so may reasonably be interpreted as

---

**5.** Rule 19(a), N.D.R.Civ.P., reads:

"*(a) Persons to be joined if feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action must be joined as a party in the action if (i) in the person's absence complete relief cannot be accorded among those already parties, or (ii) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the

persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and the joinder would render the venue of the action improper, that party must be dismissed from the action."

an election to forego that right under Rule 19(a), N.D.R.Civ.P.

■ Wayne–Juntunen also asserts, without citation of authority or analysis, that not naming Fred in the original complaint of July 27, 1983, was a defect in the original proceeding for which correction should be allowed. In its brief to this Court, Wayne–Juntunen argued that:

"The claim against Fred Lassonde arose out of the same occurrences as the August 1, 1983 action against Walter Lassonde; Fred Lassonde received notice of the institution of the action against Walter when his wife Iris was served by Deputy Trottier on August 1, 1983, through his conversations with Walter about those papers and through his conversations with Bob Wayne prior to 1986; Fred Lassonde knew or should have known that action would have been brought against him but for his statements that Walter was responsible for the account. For these reasons the amendment adding Fred as a party defendant relates back to the filing of the original pleading and avoids the statute of limitations restriction."

In conjunction with the issue of whether or not the amendment should relate back to the initiation of the claim on the account, we must also consider the effect of Rule 56(e), N.D.R.Civ.P., which provides, in pertinent part:

"If a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, must be entered against the adverse party."

Wayne–Juntunen's basic response to Fred's summary judgment motion was an affidavit of Bob Wayne which reads as follows:

"1. I am the president of Wayne–Juntunen Fertilizer, Inc.

"2. I have known the defendant Fred Lassonde for many years.

"3. As far as the account in question is concerned Fred always maintained the amount due was his brother Walter's responsibility but neither Walter or Fred ever questioned the fact the account wasn't valid.

"4. Fred Lassonde did business with Wayne–Juntunen Fertilizer prior to 1980.

"5. In his course of dealing with the fertilizer company, he usually sent one of his hired men to pick up the product. For that reason Fred did not sign many scale tickets and very rarely signed any of the invoices prepared by the office staff from the scale tickets.

"6. The invoices in this case were prepared, for the most part by Bonnie Murray, now Bonnie Albrecht. Mrs. Albrecht still resides in Rolla.

"7. In my opinion, Fred Lassonde attributed the account to Walter in an effort to avoid payment.

"8. The amount of fertilizer and chemicals purchased from Wayne–Juntunen by Fred and Walter Lassonde is, for all intents and purposes, the same for 1979, 1980 and 1981. 1982 is a little more because it was a better crop year."

This is a very weak affidavit from the standpoint of supporting the complaint itself in light of the requirements of Rule 56(e), N.D.R.Civ.P., and it is not much stronger in support of the contention that this is an appropriate case for relating the amendment back to the commencement of the action against Walter under Rule 15(c), N.D.R.Civ.P.

As Rule 56(e), N.D.R.Civ.P., relates to this case, the affidavit resisting summary judgment does not assert specifically that Fred purchased the items attributable to the account for which he is now sued nor that he authorized his brother Walter or hired help to do so, nor does it assert that he authorized Wayne–Juntunen to permit Walter or hired help to purchase items in his name. It merely asserts that Fred did business with Wayne–Juntunen before 1980 and that his course of business was to send hired help to pick up products. This

is a weak response under Rule 56(e), N.D. R.Civ.P.

This Court has often stated the proposition that we prefer to dispose of litigation on its merits, rather than on procedural grounds. *Lang v. Bank of North Dakota*, 423 N.W.2d 501, 503 (N.D.1988). To that purpose we have followed a policy of liberally construing procedural rules. *See Daley By Daley v. American Family Mutual Ins.*, 355 N.W.2d 812 (N.D.1984) (liberal interpretation of rules of pleading applies to defenses asserted in an answer pursuant to Rule 8(b), N.D.R.Civ.P.); *First Federal Sav. and Loan Ass'n v. Hulm*, 328 N.W.2d 837 (N.D.1982) (Court has consistently followed a policy of liberally construing Rule 60(b), N.D.R.Civ.P., for purposes of vacating a default judgment to permit a case to be heard and decided on its merits); *Iverson v. Lancaster*, 158 N.W.2d 507 (N.D.1968) (based on proposition that justice is best served where claims are adjudicated on their merits, malpractice action limitation period commences to run from the time the act of malpractice with resulting injury is, or by reasonable diligence could be discovered).

In the context of what was held to be a Rule 60(b) motion, this Court stated:

"[I]n the appropriate situation, the Supreme Court of North Dakota has recognized *an inherent power* to vacate judgments in cases in which, '[j]ustice to all parties demands that that shining light of truth be turned upon this case.' *Yorke v. Yorke*, 3 N.D. 343, 351, 55 N.W. 1095, 1099 (1893).

"The inherent power of a court, in the interest of justice, to vacate or grant a party relief from judgment, has consistently been recognized in North Dakota. *See, Yorke*, 55 N.W. at 1099; *Citizens State Bank of Selfridge v. Smeland*, 48 N.D. 466, 470, 184 N.W. 987, 988 (1921) (proper practice would have been to seek court's use of its inherent powers); *Lamb v. King*, 70 N.D. 469, 473, 296 N.W. 185, 187 (1941) (courts have inherent power to vacate judgments); *see also In Re Braun*, 145 N.W.2d 482, 484–85 (N.D.1966) (construing Rule 60[b][vi],

N.D.R.Civ.P., as broad enough to give courts ample power to vacate judgments in the interest of justice.)"

*Hamilton v. Hamilton*, 410 N.W.2d 508, 515 (N.D.1987). Also, under Rule 15(a), N.D.R.Civ.P., amendments to the pleadings are to be freely given when justice so requires. *Hansen v. First American Bank & Trust*, 452 N.W.2d 770, 772 (N.D.1990); *First Trust Co. v. Scheels Hardware*, 429 N.W.2d 5, 11 (N.D.1988).

Thus, notwithstanding that we have found this to be a very weak case for trial because of its Rule 56(e) defects, we will now address the interpretation of Rule 15(c) as to whether or not the addition of Fred as a defendant "relates back" to the original commencement of the action.

Rule 15, N.D.R.Civ.P., is adopted from Rule 15, F.R.Civ.P., and thus, interpretations by the federal courts, while not mandatory, are highly persuasive and we are guided by them. *Hamilton, supra* at 512; Rule 1, N.D.R.Civ.P. (Explanatory Note). Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party. *Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 857 (9th Cir.1986).

Rule 15(c), N.D.R.Civ.P., has three basic requirements which must be met before an amendment will be allowed to "relate back." The first requirement seems to have clearly been met: the claim asserted in the amended pleading has arisen out of the conduct, transaction, or occurrence set forth in the original pleading. The claim asserted against Fred arises from the same charges for which Walter was originally sued. The second and third requirements, which are at issue, are that the party:

"(i) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Rule 15(c), N.D.R.Civ.P.

Wayne–Juntunen contends that Fred received notice of the institution of

the action against Walter because service was made upon Fred's wife at Walter's residence. Other jurisdictions have noted that formal notice is not required in order to trigger the relation back of an amended pleading under Rule 15(c). *Kirk v. Cronvich*, 629 F.2d 404, 407 (5th Cir.1980). Thus, they have ruled it is enough that the new defendant received constructive notice of the suit. *Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir.1986). As the Ninth Circuit Court of Appeals has stated:

> "There is no unanimity among the circuits concerning the proper interpretation of rule 15(c)'s notice provision. The Second, Fifth, and Sixth Circuits have determined that the rule cannot be read literally to require notice to the substitute party within the statutory limitations period. *See Ringrose v. Engelberg Huller Co.*, 692 F.2d 403, 410 (6th Cir. 1982) (Jones, J., concurring) (allowing reasonable period for service of process following expiration of statutory period); *accord Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir.1980); *Ingram v. Kumar*, 585 F.2d 566, 571–72 (2d Cir.1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979).

> "Other circuits have literally applied rule 15(c)'s strict notice requirement. *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir.1981) ('Having elected to file suit on the last day of the limitations period, plaintiff requests us to add to that period a "reasonable time" for service of process. We cannot expand the ... period established by Congress.'); *accord Hughes v. United States*, 701 F.2d 56, 58–59 (7th Cir.1982). *See also Archuleta v. Duffy's Inc.*, 471 F.2d 33, 34–36 (10th Cir.1973)."

*Cooper v. U.S. Postal Service*, 740 F.2d 714, 716 (9th Cir.1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). The Ninth Circuit went on to adopt the literal interpretation of Rule 15(c)'s notice requirement. *Cooper* at 716–17.

In interpreting Rule 15(c), F.R.Civ.P., the United States Supreme Court has added a fourth requirement in order to allow for relation back: "the second and third requirements must have been fulfilled within the prescribed limitations period." *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18, 27 (1986). However, the Supreme Court did not decide the type of notice required to satisfy the requirements, although it did decide proof of some notice was necessary. *See Honeycutt v. Long*, 861 F.2d 1346, 1350 (5th Cir.1988). In *Honeycutt*, the Fifth Circuit Court of Appeals restated its position that:

> "*Schiavone* did not affect this Circuit's precedent concerning what constitutes notice under 15(c), suggesting that as long as there is evidence of some kind of notice to the proper party, whether formal or informal, within the appropriate period, the *Schiavone* factors might be satisfied."

*Honeycutt* at 1350.

While we note that the Supreme Court in *Schiavone* declined to allow a relation back, that case is factually distinguishable from the case at hand. The Court, in *Schiavone* was deciding a case where neither the original party nor the defendant sought to be added in the amended complaint received sufficient notice within the prescribed limitations period. In the case at hand, there is no question that the original party (Walter) received sufficient notice within the limitations period.

In interpreting Rule 15(c), N.D.R.Civ.P., we note that the language requires notice such that "the party will not be prejudiced in maintaining a defense on the merits." Although we agree with the jurisdictions which have concluded that constructive notice is sufficient, we are not convinced that constructive notice has been established on the record made thus far.

■ Wayne–Juntunen also contends that Fred knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him because of conversations between Bob Wayne and Fred in which Fred always contended that Walter was responsible for the account. We find this determination to raise a genuine issue of material fact, concurring with the Sixth Circuit's view:

"All that we add concerning the inquiry of whether the new defendants knew or should have known that the suit should have been brought against them is that it is a patently factual inquiry and left to the district court."

*Berndt, supra* at 884.

Accordingly, we reverse and remand to the district court for an evidentiary hearing for factual determinations as to whether or not subsections (i) and (ii) of Rule 15(c), N.D.R.Civ.P., have been complied with.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.