WAYNE–JUNTUNEN FERTILIZER
COMPANY, a corporation,
Plaintiff and Appellant,

v.

Walter LASSONDE, Defendant,

and

Fred Lassonde, Defendant and Appellee.

Civ. No. 900414.

Supreme Court of North Dakota.

Aug. 16, 1991.

Arne F. Boyum, Jr., Rolla, for plaintiff and appellant.

Mary K. O'Donnell, Rolla, for defendant and appellee.

LEVINE, Justice.

Wayne–Juntunen Fertilizer Company (Wayne–Juntunen) appeals from summary judgment dismissing as untimely its action against Fred Lassonde. We affirm.

This appeal follows our remand of the case in *Wayne–Juntunen Fertilizer Co. v. Lassonde*, 456 N.W.2d 519 (N.D.1990) (*Wayne–Juntunen I*). A full statement of the facts is available in that opinion. In *Wayne–Juntunen I*, we reversed summary judgment dismissing Wayne–Juntunen's amended complaint. The amended complaint attempted to add Fred Lassonde as a defendant after the expiration of the statute of limitations. *See* NDCC § 28–01–16. Originally, Wayne–Juntunen sued Walter Lassonde within the limitation period, seeking payment for fertilizer and other goods received on credit from Wayne–Juntunen in 1980.[1] We concluded that the lawsuit

---

1. Walter was dismissed from this case in 1988. On November 24, 1981, Wayne–Juntunen obtained a default judgment against Walter for $4,551.16 in Civil No. 4262. In granting Walter

summary judgment in this case, the district court concluded that the amount of the debt owed to Wayne–Juntunen by Walter was established by the first action and that a judgment

against Fred was timely filed only if the 1987 amendment "related back" to the commencement of the action in 1983 under Rule 15(c) of the North Dakota Rules of Civil Procedure.[2] 456 N.W.2d at 522–23. Interpreting the requirements of that rule, we concluded that the notice requirement of subsection (i) could be satisfied by constructive notice. *Id.* at 526. We remanded the case to the district court for an evidentiary hearing and for factual determinations whether the requirements of subsections (i) and (ii) of Rule 15(c), NDRCivP, had been fulfilled. *Id.* at 527.

After a hearing in which Wayne–Juntunen's manager, Bob Wayne, testified, as well as Fred Lassonde and Walter Lassonde, the district court found that Fred Lassonde had not received constructive notice of the claim asserted in the 1983 complaint. The court also found that there was no mistake of identity between Fred Lassonde and Walter Lassonde. Accordingly, the court concluded that Wayne–Juntunen had failed to satisfy either subsection (i) or (ii) of Rule 15(c), NDRCivP, and granted Fred's motion for summary judgment. Wayne–Juntunen appealed.

■ Our review of a trial court's findings of fact is governed by the "clearly erroneous standard" of Rule 52(a), NDRCivP. *Miller Ent. Inc. v. Dog N' Cat Pet Centers of America, Inc.,* 447 N.W.2d 639 (N.D.1989). A finding of fact is clearly erroneous if, although there is some evidence to support it, a reviewing court, on the entire record, is left with a definite and firm conviction that a mistake has been made, *id.,* or if it was induced by an erroneous view of the law. *Manz v. Bohara,* 367 N.W.2d 743, 746 (N.D.1985).

■ Wayne–Juntunen argues that the district court findings of no constructive notice and no mistake of identity are clearly erroneous. Both subsections (i) and (ii) of Rule 15(c), NDRCivP must be satisfied in order for the amended complaint to relate back to the 1983 complaint. Because we conclude that the district court finding that there was no mistake of identity is not clearly erroneous, and that subsection (ii) of Rule 15(c) thus was not satisfied, we need not decide whether the finding that Fred did not receive constructive notice is clearly erroneous.

Wayne–Juntunen contends that it mistakenly identified Walter as the only defendant because it was misled by Fred's statements attributing the debt to Walter. Wayne–Juntunen misunderstands the requirements of subsection (ii).

Rule 15 was adopted from the federal rule, and we, thus, treat interpretations placed on the rule by federal courts as highly persuasive. *Wayne–Juntunen I,* 456 N.W.2d at 525. The classic case satisfying Rule 15(c) and, thus, supporting relation back of an amended complaint, involves a corporation that knew prior to the expiration of the statute of limitations that it, and not a subsidiary, was the proper defendant and it would have been sued but for a mistake concerning the identity of the proper party. *See, e.g., Anderson v. Deere & Co.,* 852 F.2d 1244 (10th Cir.1988). Under these circumstances, when a plaintiff discovers the true facts after the statute of limitations has run, the plaintiff will be allowed to relate back the amended complaint adding the proper defendant. *Id., see also* 3 Moore's Federal Practice ¶ 15.-15[4] (2d ed. 1991).

---

had been entered for that amount. Accordingly, Walter was granted summary judgment based on *res judicata.* Wayne–Juntunen has not appealed this judgment.

2. NDRCivP 15(c) provides in part:
"Relation Back of Amendments. Whenever the claim or defense asserted in an amended pleading has arisen out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (i) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

Wayne–Juntunen, however, contends that its mistake in believing Fred's denial of liability for the debt excuses its failure to amend the complaint within the limitation period. Wayne–Juntunen equates a mistake in assessing the liability of a potential party with a mistake in identifying a potential party. A similar interpretation of the federal rule was rejected in *In re Rexplore, Inc. Securities Litigation,* 685 F.Supp. 1132 (N.D.Cal.1988). In *Rexplore, Inc.,* the plaintiffs knew from the beginning of the litigation that the law firm they sought to add as a defendant had provided legal services to the original defendant. Yet, they did not seek to add the law firm to the lawsuit until after the limitations period had run. The plaintiffs argued that "they did not know of [the law firm's] identity in terms of culpability." 685 F.Supp. at 1145. The court concluded that such a mistake did not satisfy the FRCivP 15(c)(2) mistake-of-identity requirement and was an unwarranted extension of the rule. The court dismissed the law firm from the lawsuit. *Id.*

Most federal courts have said that where a plaintiff is notified within the limitation period of a mistake concerning the identity of a proper party and fails to amend its complaint to add that party, the unnamed party may conclude that it was not named because of strategic reasons rather than as a result of the plaintiff's mistake. *E.g., Kilkenny v. Arco Marine Inc.,* 800 F.2d 853, 857 (9th Cir.1986). Under these circumstances, the unnamed party does not "know" that it would be named "but for a mistake concerning [its] identity," and Rule 15(c)(2) is not satisfied. 800 F.2d at 858. *See also Norton v. International Harvester Co.,* 627 F.2d 18, 22–23 (7th Cir.1980); *Keller v. United States,* 667 F.Supp. 1351, 1357–58 (S.D.Cal.1987); *Unicure, Inc. v. Thurman,* 97 F.R.D. 1, 6 (W.D.N.Y.1982).

A few federal courts have interpreted the mistake-of-identity requirement broadly and have found the rule satisfied in circumstances where there is "a possibility that the plaintiff may have made a mistake in selecting the original defendants." *Gabriel v. Kent General Hosp., Inc.,* 95 F.R.D. 391, 395 (D.Del.1982). *See also Sounds Express Int'l, Ltd. v. American Themes and Tapes, Inc.,* 101 F.R.D. 694 (S.D.N.Y.1984). These cases, however, either do not state when the mistake was discovered and, thus, do not address the possibility that the plaintiff could have amended the complaint within the limitation period, *e.g., Gabriel,* or appear to rely on a misapplication of the "identity of interest" doctrine[3] and conclude that a defendant who receives notice under Rule 15(c)(1) "knows" under Rule 15(c)(2) that the mistake has prevented his being sued. *See Sounds Express Int'l, Ltd.,* 101 F.R.D. at 697 ("[I]dentity of interests has also served as touchstone for determining whether the new party knew or should have known that 'but for' a mistake in identity, he would have been sued in the first instance.") The notice requirement of 15(c)(1) and the knowledge requirement of 15(c)(2) are distinct, and the identity of interest doctrine properly applies only to the notice requirement. *See, e.g., Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 102–03 (1st Cir.1979); *Davis v. Buffalo Psychiatric Center,* 613 F.Supp. 462, 467 (W.D.N.Y.1985). We do not, therefore, find persuasive those cases which allow relation back of an amended complaint based on a mistake in "selecting" the original defendants.

From the guidance provided by these federal cases, and the plain words of the rule, we decline to interpret, as Wayne–Juntunen would have us read, the phrase "mistake concerning the identity of a proper party" as including a plaintiff's mistake in assessing the liability of known parties. In order to satisfy the mistake requirement of subsection (ii), Rule 15(c), NDRCivP, a party must demonstrate some confusion about the identity of a proper potential

---

**3.** The "identity of interest" doctrine provides that the commencement of a lawsuit serves as constructive notice of the lawsuit to the parties added after the expiration of the limitation period, when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the lawsuit shortly after it was commenced. 6A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1499 (1990).

party, not confusion over that party's liability.

In this case, the district court found that there was no mistake of identity. The testimony established that the credit account was in Fred's name. Prior to filing the complaint, Wayne–Juntunen's manager, Bob Wayne, talked to Fred and Walter. Fred asserted that the entire debt was Walter's. Walter did not deny that he had purchased some goods on credit under Fred's name, but did deny purchasing the amounts of goods reflected by Wayne–Juntunen's records. This evidence does not support a finding of mistaken identity. Rather, it reflects, if anything, Wayne–Juntunen's mistake in choosing between two known potential defendants.

Reviewing this record, we are not left with a definite conviction that a mistake has been made or the law misapplied. The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.